UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
:
BABATUNDE KAREEM AGORO,
:
                Petitioner,
:
  -against-
:
UNITED STATES OF AMERICA,
:
                Respondent.
-----------------------------------------------------X



**MEMORANDUM
OPINION AND ORDER**

11 Civ. 1818 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I.    INTRODUCTION

On March 11, 2011, petitioner Babatunde Kareem Agoro filed this petition for a writ of habeas corpus pursuant to section 2241 of Title 28 of the United States Code ("section 2241"). By Order dated February 24, 2011, the Court dismissed a prior petition for a writ of habeas corpus in which Agoro asserted the same claims. For the reasons discussed below, Agoro's petition for a writ of habeas corpus is dismissed.

## II.    BACKGROUND

Agoro is a citizen of Nigeria.[1] He came to the United States on or about January 5, 1980, and became a lawful permanent resident. In the 1990's, Agoro pled guilty to credit card fraud in the District of Rhode Island. He initially failed to appear for sentencing although he eventually did so.[2] Agoro subsequently also pled guilty to failing to appear for sentencing.[3]

---

[1]    Petition for a Writ of Habeas Corpus ("Pet.") at 2.

[2]    *See United States v. Agoro*, No. 90 Cr. 102 (D.R.I. 1992).

[3]    *See United States v. Agoro*, No. 91 Cr. 74L (D.R.I. 1993).

Agoro filed two prior section 2241 petitions in this Court, both of which were denied, and a section 2241 petition in the Western District of New York, where he is currently confined, which remains pending.[4] In his first petition in this Court, Agoro alleged that his continued detention violated his rights under *Zadvydas v. Davis*.[5] The Court denied relief because Agoro failed to satisfy his burden of proving that there was no significant likelihood that he would be removed to Nigeria in the reasonably forseeable future.[6]

Agoro's second section 2241 petition purported to challenge in one action: (1) his conviction in the District of Rhode Island, and (2) his order of removal. Moreover, that petition raised claims of ineffective assistance of counsel in his immigration proceedings in violation of his Fifth Amendment rights. By Order dated February 24, 2011, this Court transferred his petition to the First Circuit Court of Appeals insofar as it could be considered a successive section 2255 motion challenging his conviction in the District of Rhode Island and dismissed the challenge to his order of removal because such claims must be brought in a petition for review. Transfer to the Court of Appeals was not warranted, however, because a petition for review would have been untimely. Finally, this Court held that even if it had

---

[4]     *See Agoro v. The District Director for Immigration Custom Enforcement*, No. 09 Civ. 8111 (S.D.N.Y. Sept. 23, 2009); *Agoro v. United States*, No. 11 Civ. 181 (SAS) (S.D.N.Y. Feb. 24, 2011); *Agoro v. Herron*, No. 10 Civ. 1055 (W.D.N.Y. 2010).

[5]     533 U.S. 678 (2001)*; See Agoro v. District Director for Immigration Custom Enforcement*, No. 09 Civ. 8111 (S.D.N.Y. Sept. 23, 2009) (Docket No. 2).

[6]     *See id.* (Order of Dismissal at 16) (Docket No. 10). The Second Circuit subsequently affirmed the dismissal of the section 2241 petition. *See id.* (Mandate filed Feb. 3, 2011) (Docket No. 18).

jurisdiction to consider the matter,[7] Petitioner failed to state a claim that his immigration counsel was ineffective.  Agoro failed to allege sufficiently that he was prejudiced by counsel's failure to notify him of the Board's dismissal of his appeal from the 1999 order of removal, given that the Board later reopened his removal proceedings and granted him the opportunity to apply for a waiver of removal under former section 212(c) of the Immigration and Naturalization Act.  On March 21, 2011, Agoro filed a notice of appeal from the dismissal of his petition in *Agoro v. United States*.

On March 11, 2011, after the Court dismissed his petition in *Agoro v. United States* but before he filed the notice of appeal, Agoro filed this new section 2241 petition making the same arguments regarding ineffective assistance of counsel that were rejected in *Agoro v. United States*.  He alleges in this petition that his immigration attorney was ineffective for: (1) failing to appear at Agoro's removal hearing on September 19, 1997;[8] (2) failing to inform Agoro that, on August 31, 1999, the Board dismissed as untimely his appeal from the May 21, 1999 removal decision of the Immigration Judge;[9] and (3) failing to follow his instructions to appeal the Board's March 17, 2009 denial of his motion to reopen, which was based on the Ninth Circuit's decision in *Renteria-Morales v. Mukasey*.[10]

---

[7]        *See Luna v. Holder, Jr.*, No. 07-3796, 2011 WL 722607, at *3 (2d Cir. Mar. 3, 2011) ("We held that the REAL ID Act of 2005 did not withdraw habeas jurisdiction over Petitioners' claims that they were prevented from filing a timely petition for review by ineffective assistance of counsel or governmental interference. We transferred the petitions to the district courts in which Petitioners' removal proceedings were completed.").

[8]        *See* Pet. at 4.

[9]        *See id.* at 3-4.

[10]        551 F.3d 1076, 1085 (9th Cir. 2008) (where the record did not establish that alien was under court order but only that he failed to appear "as directed," the Government failed to

## III.  LEGAL STANDARDS

### A.  Repetitive Filing Under 28 U.S.C. § 2241

Section 2244(a) of the Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgement of a court of the United States if it appears that the legality of such detention has been determined by a judge or courts of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

The Court of Appeals for the Second Circuit has noted that "[i]t is unclear whether a § 2241 claim is subject to the restrictions on successive petitions imposed by [AEDPA], as this Court has not yet decided 'whether, in what circumstances, and under what constraints a petitioner may bring a second or successive § 2241 petition.'"[11]  Several circuit courts have expressed particular doubt that AEDPA's limitations on successive petitions apply to petitioners in immigration custody.[12]  Claims that could *not* have been raised in an earlier habeas petition also do not implicate AEDPA's gate keeping requirements.[13]

---

meet its burden of showing that alien had been convicted of an aggravated felony for failure to appear).

[11]  *See Simon v. United States*, 359 F.3d 139, 143 (2d Cir. 2004).

[12]  *See id.* at 144 (citing *Barapind v. Reno,* 225 F.3d 1100, 1111 (9th Cir. 2000) (holding that AEDPA's gatekeeping provision does not bar successive section 2241 petitions "brought by INS detainees because that provision applies only where petitioners challenge the propriety of a detention 'pursuant to a judgment of a court of the United States'")). *See also Zayas v. INS*, 311 F.3d 247, 256 (3d Cir. 2002) (holding that section 2244(a) was not applicable where petitioner was a federal detainee challenging an INS ruling before enactment of the Real ID Act of 2005).

[13]  *See James v. Walsh*, 308 F.3d 162 (2d Cir. 2002).

Even if AEDPA's restrictions on successive petitions apply, the Court of Appeals for the Second Circuit has held that a subsequent section 2241 petition should not be considered successive where appellate proceedings following the district court's adjudication of the prior section 2241 petition remain pending at the time a new petition is filed.[14]  A new petition filed while a habeas petition is pending should generally be treated as a motion to amend the pending petition.[15]

**B.      Abuse of the Writ**

The doctrine of abuse of the writ bars claims that could have been or were raised in an earlier habeas petition.  This doctrine survives the enactment of AEDPA.[16]  Principles of *res judicata* technically do not apply to habeas petitions and thus abuse of the writ is a substitute in the habeas context.[17]  A successive petition is an abuse of the writ unless the petitioner is able to show cause for failing to raise the earlier claim (or seeking to raise the same claim twice) and any resulting prejudice.

---

[14]      *See Ching v. United States*, 298 F.3d 174, 179 n.3 (2d Cir. 2002) ("[W]e hold that Ching's [second] petition is not second or successive because adjudication of the initial § 2255 motion was incomplete at the time of its submission"); *id.* at 178 ("In the AEDPA context, adjudication of an initial *habeas* petition is not necessarily complete . . . simply because the district court rendered a judgment . . . ").  *See also Grullon v. Ashcroft*, 374 F.3d 137 (2d Cir. 2004) ("[W]e now hold that *Ching's* rationale is applicable in the context of § 2241 petitions.").

[15]      *Ching*, 298 F.3d at 177 (section 2255 motion submitted during pendency of initial motion should be construed as motion to amend);  *Whab v. United States*, 408 F.3d 166 (2d Cir. 2005).

[16]      *See James*, 308 F.3d at 167.

[17]      *See Muniz v. United States*, 236 F.3d 122, 126-27 (2d Cir. 2001) ("[I]t is well-settled that *res judicata* has no application in the habeas corpus [ ] context" and the traditional rule "has not been abrogated by AEDPA."); *McClesky v. Zant*, 499 U.S. 467, 494 (1991).

District courts have the power to dismiss a habeas corpus petition *sua sponte* for abuse of the writ.[18] The Second Circuit Court of Appeals held in pre-AEDPA cases that although district courts were generally required to provide notice and an opportunity to respond before dismissing a petition for abuse of the writ, notice was not required in the limited class of cases where a petition revealed no actual prejudice that would entitle the petitioner to relief.[19]

## IV.     DISCUSSION

### A.     The Court Has Already Denied the Relief Requested

Agoro's first section 2241 petition in this Court challenged his detention and did not address the constitutionality of the underlying immigration proceedings. Thereafter, in *Agoro v. United States*, this Court dismissed Agoro's second section 2241 petition, which challenged, *inter alia,* the constitutionality of his immigration proceedings.[20] The instant section 2241 petition was filed on March 11, 2011, after the section 2241 petition in *Agoro v. United States* was dismissed on February 24, 2011, but before Agoro filed a notice of appeal of the dismissal.[21] This petition makes the identical legal argument regarding ineffective assistance of immigration counsel that the Court rejected in *Agoro v. United States*: even if the Real ID Act did not revoke *habeas* jurisdiction over such claims, the facts alleged failed to state a claim for ineffective assistance of counsel in violation of the Fifth Amendment.

---

[18]     *See Femia v. United States*, 47 F.3d 519 (2d Cir. 1995); *Muniz*, 236 F.3d at 126.

[19]     *See Femia*, 47 F.3d at 524.

[20]     The second section 2241 petition was dismissed on the merits without addressing whether it was a successive petition.

[21]     11 Civ. 181 (S.D.N.Y. Feb. 24, 2011).

6

This section 2241 petition would not be considered successive with respect to *Agoro v. United States,* even if AEDPA's restrictions apply, because appellate proceedings in *Agoro v. United States* remain pending. Furthermore, this Court cannot treat the instant petition as a motion to amend the petition in *Agoro v. United States* because that matter is on appeal and thus the Court does not have jurisdiction to do so.[22] This petition and the petition in *United States v. Agoro* were never pending simultaneously in this Court.[23]

Even if this petition is not successive and cannot be deemed an amendment to the petition in *United States v. Agoro,* the Court concludes that the petition constitutes abuse of the writ because petitioner brings the identical claims immediately after the Court's dismissal of his ineffective assistance of counsel claims. Petitioner does not show cause for bringing the same ineffective assistance of counsel claims twice, such as the discovery of new facts or an intervening change in the law. This Petition is essentially an attempt to get another bite at the apple. Moreover, the ineffective assistance of counsel claims fail for the same reasons articulated in the Court's order of dismissal in *United States v. Agoro.* Because the Petition fails to state a claim for relief, the Court concludes that Petitioner is not entitled to notice and an opportunity to respond before the Petition is dismissed for abuse of the writ.

---

[22]     *See Ching*, 298 F.3d at 180 n.5 ("The filing of the notice of appeal divested the district court of jurisdiction . . . The district court could not rule on any aspect of the case that was before this Court, including a motion to amend the [section 2255] motion, while that appeal was pending.").

[23]     11 Civ. 181 (S.D.N.Y. Feb. 24, 2011); *Whab*, 408 F.3d at 119 ("In the instant case, the district court never had two petitions before it simultaneously . . . We can see no reason in these circumstances to treat the new petition as a motion to amend the initial petition.").

## V.    CONCLUSION

For the foregoing reasons, Agoro's petition is denied.  As Petitioner has not made a substantial showing of the denial of a constitutional right, a Certificate of Appealability ("COA") shall not issue.[24]  This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from the instant Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.[25]  The Clerk of the Court is directed to close this motion and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         April 1, 2011

---

[24]    *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) (quotation marks and citation omitted)).  *See also Middleton v. Attorneys Gen. of the States of New York and Pennsylvania*, 396 F.3d 207, 209 (2d Cir. 2005) (denying COA where reasonable jurists could not debate whether the district court's dismissal of the petition was correct).

[25]    *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

8

-Appearances-

**Petitioner (Pro Se):**

Babatunde Agoro
Alien Reg. No. 024624753
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, NY 14020